**SABATINI & ASSOCIATES**
237 WEST 35TH STREET
SUITE 1502
NEW YORK, NY 10001
_____

(212) 239-5900 (t)
(212) 279-1265 (f)
rjs@sabatini-law.com

April 26, 2023

**CORRECTS ECF NO. 37**

<u>Via ECF</u>
Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

   Re: *Nichelle Swanson v. Schindler Elevator Corporation, et al.*
      Case No.: 1:21-cv-10306 (JMF)

Dear Judge Furman:

  **April 26, 2023 Correction:** Since the filing of ECF No. 37 on April 25, 2023, Dr. Ashwin Malhotra has advised Plaintiff's counsel that the earliest available date for the completion of his deposition in this case is the evening of June 8, 2023.

  This letter is jointly submitted by the parties in the above matter pursuant to Local Rule 37.2 and section 2(E) of this Court's Individual Rules and Practices in Civil Cases seeking a conference with the Court for the purpose of completing the deposition of Plaintiff's testifying medical expert, Dr. Ashwin Malhotra, which was commenced on April 14 and continued for 2.5 hours before the Doctor was unable to continue due to medical commitments.

  Dr. Malhotra has advised Plaintiff's counsel that his first available date for completing his deposition is June 6 **(see correction above)**, which is beyond the May 1 deadline for the completion of expert discovery in this case as set by the Court's April 3, 2023 Order. All other expert discovery in this case deemed necessary by the parties will be completed by the May 1 deadline including the deposition of Plaintiff's elevator expert, Pat Carrajat (completed on April 13), Defendant's radiologist, Dr. Rothman, and neurologist, Dr. Diego Herbstein (both waived), and Defendant's elevator expert, Jon Halpern, and orthopedist, Dr. Grelsamer (both scheduled for April 28). Plaintiff has objected to the report of Defendant's radiologist Dr. Rothman as it was exchanged 8 days late.

  In an effort to complete the deposition of Dr. Malhotra before the May 1 deadline, counsel for the parties have offered to conduct the Doctor's deposition after 5:00 pm on consecutive days but Dr. Malhotra has difficulty with evenings due to his schedule and has advised Plaintiff's counsel that he can resume his deposition on June 6 **(see correction above)**.

  Defendant has analyzed the importance of completing Dr. Malhotra's deposition to the defense of its case as appears below. Plaintiff's counsel consents to the completion of the

deposition of Dr. Malhotra but points out that the time offered for Doctor's deposition on April 14 was from 11:00 am to 1:00 pm and that the Doctor stayed for an additional 30 minutes on that date. Defendant denies that he stipulated to limit his deposition of the Doctor to 2.5 hours and was prepared to complete the Doctor's deposition on April 14th as provided under Rule 30(d)(1).

**Defendant's Factual Argument For Completing The Deposition Of Dr. Ashwin Malhotra**

This is a personal injury action wherein Plaintiff alleges that on September 27, 2018, she was injured when she tripped and fell while entering elevator # 10 located within Lincoln Medical Center, 234 East 149th Street, Bronx, NY. She alleges that she tripped and fell as a result of the subject elevator being misleveled and that the alleged misleveling condition was caused by Defendant's negligent maintenance of the elevator.

Plaintiff's alleged injuries include permanent traumatic brain injury ("TBI"), including cognitive deficits and permanent disorientation, as well as orthopedic claims that her fall accelerated her pre-existing osteoarthritis in her knees requiring total knee replacement on 2/17/20 and aggravation of her preexisting low back spinal stenosis from L3-L4 to L5-S1, worse at L4-5 and multilevel spinal foraminal narrowing.

Plaintiff exchanged the medical expert report of neurologist Dr. Ashwin Malhotra on February 1, 2023. Dr. Malhotra's 11-page report includes opinions that Plaintiff suffered a concussion type TBI injury in her elevator fall resulting in memory loss and cognitive deficits including loss of concentration, slower mental processing, confusion, disorientation and impaired executive function—all of which are allegedly permanent conditions. According to his report, Dr. Malhotra opined that due to her accident Plaintiff' could no longer perform her job and was forced to retire. The report includes opinions that as a result of her alleged concussive injuries, she is more susceptible to brain disorders in the future, including, inter alia, CTE, demyelination to her nerves, frontal temporal dementia and Parkinson's disease. The Doctor's report also includes opinions that her fall in the elevator resulted in the Plaintiff's need for bilateral total knee replacement surgeries she underwent in 2020 and aggravated degenerative stenosis in her low back. His report also includes opinions concerning the radiological studies of both Plaintiff's knees and spine. A copy of Dr. Malhotra's expert's report is annexed as Exhibit A.

Schindler commenced the deposition of Dr. Ashwin Malhotra at 11:00 am on April 14. Over the course of 2.5 hours, the Doctor was examined concerning Plaintiffs 10-year history of migraines and regular headaches as well as Plaintiff's pre-accident and ongoing treatment for trigeminal neuralgia (facial nerve syndrome) and accompanying symptoms of nausea, vomiting, dizziness, etc. which Plaintiff suffered both before and following the subject accident. The deposition was a highly technical probing of the doctor's opinions that in spite of Plaintiff's pre-accident history of similar complaints and the absence of physical head injury following the subject accident, that all of her brain related complaints were caused or exacerbated by her fall in the elevator. Consistent with Defendant's advice to the Court that it would be filing a *Daubert* challenge to a number of the Doctor's opinions, its deposition probed the Doctor's opinions that Plaintiff's pre-accident migraine and trigeminal neuralgia diagnoses rendered her brain more

susceptible to concussive injury she allegedly suffered as a result of her fall in the elevator. A condensed copy of the transcript of the deposition of Dr. Ashwin Malhotra is annexed as Exhibit B.

Not covered in Schindler's deposition of Dr. Malhotra (due to time constraints) were the Doctor's opinions that Plaintiff's alleged concussive injury in the elevator rendered Plaintiff's brain more susceptible to other brain disorders in the future as outlined in his report (see supra), Dr. Malhotra's qualifications to render opinions concerning Plaintiff's specific cognitive deficits could not be probed due to the time constraints. Not yet probed were the Plaintiff's history of falls, nor her medical diagnosis of edema which Defendant contends actually caused her fall on the date of the accident. Not yet probed were the Doctor's opinions concerning Plaintiff's orthopedic claims, including, inter alia, the cause of Plaintiff's total knee replacements or the Doctor's qualifications as a neurologist to render such opinion or his opinions concerning the radiological studies he reviewed and opined on.

**Use of Alternative Dispute Resolution**:

Mediation status has been addressed with the mediator. Plaintiff has made a settlement demand in this case which Defendant expects to respond to shortly and will engage in settlement discussions prior to the completion of Dr. Malhotra's deposition.

Respectfully submitted,

| | |
|---|---|
| */s/ Richard J. Sabatini* | */s/ Robert L. Rose* |
| Richard J. Sabatini (RJS 4688) | Robert L. Rose (5514393) |
| Sabatini & Associates | LEAV & STEINBERG, L.L.P. |
| 237 West 35th Street, Suite 1502 | 75 Broad Street, Suite 1601 |
| New York, New York 10001 | New York, New York 10004 |
| (212) 239-5900 | (212) 766-5222 |
| rjs@sabatini-law.com | RRose@lstriallaw.com |
| *Counsel for Defendant* | *Counsel for Plaintiff* |

Enclosures

SCH0464/APPEAL/LTR TO CT 4.26.23

In response to Defendant's March 31, 2023 letter-motion seeking various discovery-related extensions, the Court stated -- in no uncertain terms -- that the May 1, 2023 deadline would not be extended. *See* ECF No. 36. That said, Defendant is given until **June 8, 2023**, to complete its deposition of Dr. Malhotra. **To be clear: outside of this deposition, expert discovery will still close on May 1, 2023**. The summary judgment and *Daubert* motion briefing schedule previously set by the Court, *see* ECF No. 34, is still operative, except that Defendant's motion(s) are now due by **June 22, 2023**. The Clerk of Court is directed to terminate ECF Nos. 37 and 38. SO ORDERED.

April 26, 2023